| | |
|---|---|
| SALVADOR ALVARENGA VALLE, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) |
| | ) NO. 3:26-cv-00994 |
| CHRISTOPHER BULLOCK, Field | ) |
| Office Director, New Orleans Field | ) |
| Office, U.S. Immigration and Customs | ) |
| Enforcement, in his official capacity; and | ) |
| PAUL GRAY, Assistant Field Office | ) |
| Director, Nashville Sub-Office, U.S. | ) |
| Immigration and Customs Enforcement, | ) |
| in his official capacity | ) |
| | ) |
| Respondents. | ) |

## MEMORANDUM OPINION AND ORDER

Before the Court is Salvador Alvarenga Valle's Emergency Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C § 2241 and Complaint for Declaratory and Injunctive Relief, which is fully briefed. (Doc. Nos. 1, 12, 13).

### I. Introduction

Valle was arrested and taken into U.S. Immigration and Customs Enforcement ("ICE") custody on Friday, July 17, 2026 while voluntarily appearing for a routine supervisory ICE check-in. (Doc. No. 1 at 2). He has been living in the Middle District of Tennessee for 21 years, has no criminal record, is married with two children, and is the primary caretaker for one of his daughters, who has a life-threatening medical condition. (Id. at 2, 7; see also Doc. No. 12-1 at 5). In 2005, Valle was ordered removed from the United States, but that order was vacated and his removal proceedings were dismissed in 2024. (Doc. No. 12-1 at 5). He has an active pending immigration

1

case, in which he filed a Form I-881 Application for Suspension of Deportation/Special Rule Cancellation of Removal under the Nicaraguan Adjustment and Central American Relief Act. (Id.).

After his arrest, ICE immediately transferred Valle to a detention facility in Mason, Tennessee. (Doc. No. 12 at 2). ICE then denied Valle bond and attempted to transfer him to Louisiana, where his immigration case is docketed. (Doc. No. 13-1 at 2, 3). Valle filed an emergency bond motion on July 17, 2026 in the Immigration Court in Memphis, Tennessee, which initially rejected the request because Louisiana has jurisdiction over his immigration case. (Doc. No. 13-1 at 4). Nevertheless, Valle was ultimately successful in securing a bond hearing in Memphis. (Doc. No. 13 at 6). On July 21, 2026, While Valle was detained in Mason, (Doc. No. 13 at 5), the Immigration Judge granted him bond in the amount of $1,500.00. (Doc. No. 12-2 at 2).

## II. Analysis

As an initial matter, Respondents argue that this Court does not have jurisdiction because the Attorney General has not been properly served. (Doc. No. 12 at 1). Federal Rule of Civil Procedure 4(i) states:

> (1) . . . To serve the United States, a party must:
>
> (A)(i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought--or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk—or
>
> (ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;
>
> (B) send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and

2

> (C) if the action challenges an order of a nonparty agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer.
>
> (2) . . . To serve a . . . United States officer or employee sued only in an official capacity, a party must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee.

Fed. R. Civ. P. 4(i). Valle sent copies of the summonses by certified mail to the Civil Process Clerk at the United States Attorney's Office for the Middle District of Tennessee, the Attorney General of the United States, General Counsel for the United States Department of Homeland Security, and Christopher Bullock (Acting Field Office Director, ICE New Orleans Field Office). (Doc. No. 13-1 at 1). Therefore, Valle has complied with the service requirements in Rule 4(i) and this Court has jurisdiction.

Respondents concede that the Sixth Circuit's ruling in Lopez-Campos v. Raycraft, 175 F.4th 713 (6th Cir. 2026) controls this case. (Doc. No. 12 at 2–3). In Raycraft, the Sixth Circuit held that detentions without bond hearings under 8 U.S.C. § 1225(b)(2)(A) are unlawful and violate due process. 175 F.4th at 732, 734. The court reasoned that 8 U.S.C. § 1225(b)(2)(A)'s mandatory detention scheme does not apply to people who are not seeking admission or lawful entry into the United States. See id. at 732. Instead, 8 U.S.C. § 1226(a)'s permissive detention scheme applies to people who are already in the United States. Id. at 731–32. Valle was already residing in the United States when he was detained. (Doc. No. 1 at 1–2). Accordingly, Raycraft governs his detention and Respondents are prohibited from detaining him without bond.

Nevertheless, it appears that Respondents attempted to evade the requirements of Raycraft by quickly transferring Valle to Louisiana, where he would not be entitled to a bond hearing under Fifth Circuit case law. See Buenrostro-Mendez v. Bondi, 166 F.4th 494, 502 (5th Cir. 2026) (holding, in contrast to the Sixth Circuit in Raycraft, that noncitizens who are present in the United

States are subject to mandatory detention without bond under 8 U.S.C. § 1225).  And now that ICE's attempt at detaining Valle without bond has failed, Respondents argue that the habeas petition is essentially moot.  (Doc. No. 12 at 3).

Two exceptions to the mootness doctrine are relevant here.  First, "[i]t is well settled that a defendant's voluntary cessation of a challenged practice does not deprive a federal court of its power to determine the legality of the practice. . . .  '[I]f it did, the courts would be compelled to leave [t]he defendant . . . free to return to his old ways." Rosales-Garcia v. Holland, 322 F.3d 386, 396 (6th Cir. 2003) (citations and quotation marks omitted).  To determine if a case is moot due to a defendant's voluntary conduct, courts look to whether "subsequent events made it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur." Id. (citation and quotation marks omitted).  Second, cases are not moot if they are "capable of repetition, yet evading review."  Id.  This exception applies when "(1) the challenged action [is] in its duration too short to be fully litigated prior to cessation or expiration, and (2) there [is] a reasonable expectation that the same complaining party [will] be subject to the same action again."  Id. (citation and quotation marks omitted).

As for the first exception to the mootness doctrine, voluntary cessation, "[t]he 'heavy burden of persua[ding]' the court that the challenged conduct cannot reasonably be expected to start up again lies with the party asserting mootness." Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc., 528 U.S. 167, 189 (2000) (citation omitted).  Despite it being Respondents' burden, they make no attempt to persuade the Court that they will not again detain Valle without bond.  To the contrary, Respondents have apparently not been deterred by the Sixth Circuit's clear mandate in Raycraft—if they had, they would not have tried to detain Valle without bond in the first place.  Moreover, Respondents did not voluntarily cease the unlawful conduct.  Instead, the

4

only reason Valle was granted bond was because he sought emergency relief in the Immigration Court.

Similarly, the second exception—"capable of repetition, yet evading review"—also applies. Again, Respondents attempted to detain Valle without bond despite binding Sixth Circuit case law prohibiting them from doing so. Valle also must continue to check in with ICE during the pendency of his immigration case, which is where he was initially arrested. (Doc. No. 13 at 8). Therefore, there is a reasonable expectation that Valle will be subject to this action again. Additionally, the timeline of this case illustrates that the challenged conduct is too short in duration to be fully litigated prior to cessation. Before the Court could even enter a preliminary order on the instant petition, Valle had already been transferred out of the Middle District of Tennessee and was threatened with imminent transfer to Louisiana. (Doc. No. 12 at 2; Doc. No. 13-1 at 2). Had Valle not been granted emergency relief by the Immigration Court, he likely would have been transferred to Louisiana before briefing was complete and this Court had the opportunity to rule on the habeas petition. Accordingly, the habeas petition is not moot.

### III. Conclusion

Valle's petition for writ of habeas corpus (Doc. No. 1) is **GRANTED**. His civil administrative detention is governed by 8 U.S.C. § 1226(a), as mandated by Raycraft. Respondents are permanently **ENJOINED** from re-detaining Valle without bond under 8 U.S.C. 1225(b)(2)(A) while his Form I-881 is pending.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE

5