**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **SALVADOR ALVARENGA VALLE,** <br><br> **Petitioner,** <br><br> **v.** <br><br> **CHRISTOPHER BULLOCK, Field Office Director, New Orleans Field Office, U.S. Immigration and Customs Enforcement, in his official capacity; and PAUL GRAY, Assistant Field Office Director, Nashville Sub-Office, U.S. Immigration and Customs Enforcement, in his official capacity** <br><br> **Respondents.** | ) | **NO. 3:26-cv-00994** |

## ORDER

Before the Court is Salvador Alvarenga Valle's Emergency Motion to Enforce Final Judgment and for Order Directing Removal of GPS Ankle Monitor, which is fully briefed. (Doc. Nos. 15, 17, 18). Valle is currently released on bond, with no other release conditions imposed by the Immigration Court. (Doc. No. 12-2 at 2; Doc. No. 15-1 at ¶ 2). This Court previously granted Valle's habeas petition and permanently enjoined Respondents from re-detaining him without bond while his immigration application is pending. (Doc. No. 14).

Without any court order, ICE unilaterally placed a GPS ankle monitor on Valle. (Doc. No. 15-1 at ¶¶ 3–7). ICE did so when he reported for a routine check-in on August 5, 2026, telling him, "This is like being in prison, but on the outside." (Id. at ¶¶ 3, 6–7). ICE told Valle that they would not remove the GPS monitor unless ordered by a court. (Id. at ¶ 11). The ankle monitor

caused Valle severe pain, pressing directly into his leg and ankle while he performed work as a plumber. (Id. at ¶ 12).

ICE also informed Valle that he was being placed on the Intensive Supervision Appearance Program ("ISAP") because checking in once yearly "was not sufficient" and ICE "needed to know more about [him]." (Id. at ¶ 5). ICE then required Valle to report in person every two weeks, even if he is sick or working. (Id. at ¶¶ 8–9). ICE further told Valle that he cannot leave Tennessee without prior written permission from ISAP, and to obtain permission to leave Tennessee, he must provide the exact departure and return dates and a specific destination address. (Id. at ¶ 10). He cannot be gone longer than 15 days. (Id.). It appears ICE has done all of this without any court authorization.

Valle filed the instant motion seeking an order requiring removal of the ankle monitor. (Doc. No. 15). Respondents argue, without citation to any legal authority, that the motion is moot because the GPS monitor has been removed.[1] (Doc. No. 17 at 2).

Because the GPS monitoring restrains Valle's liberty and constrains his movement, it falls within the ambit of this Court's Order granting habeas relief. See In re Stansell, 828 F.3d 412, 416 (6th Cir. 2016) ("[A]n individual is 'in custody' for habeas purposes when he is 'in actual, physical custody in prison or jail' *or* when he is subject to 'significant' post-release 'restraints on [his] liberty' that are 'not shared by the public generally.'") (citations omitted); Hautzenroeder v. DeWine, 887 F.3d 737, 741 (6th Cir. 2018) (explaining that the Supreme Court has found that when the government exercises direct control over a person's movements, that person is "in

[1] Respondents also argue that Valle's counsel filed the instant motion in bad faith, claiming, *inter alia*, that that Valle's counsel "did not provide this Court [Valle's] release status." (Doc. No. 17 at 2). This argument is meritless. Valle's counsel informed this Court of Valle's release status in the reply in support of the habeas petition, filed on July 22, 2026. (Doc. No. 13 at 1).

custody"). The rationale of those cases also applies to the conditions on Valle's liberty right to travel. Accordingly, in the interest of clarity, Valle's motion to enforce the final judgment and for an order directing removal of the GPS monitor (Doc. No. 15) is **GRANTED** and Respondents are prohibited from placing Valle under GPS monitoring.

Respondents have offered no explanation or legal authority for ICE's decision to impose the conditions on Valle's right to travel. Accordingly, Respondents shall, within three days of the entry of this Order, show cause why the travel restrictions ICE has imposed on Valle should not be enjoined.

IT IS SO ORDERED.

WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE